**Eduardo Santamaria RIOS and Beatriz Santamaria Rios Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74332.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.\*\*

Decided April 26, 2006.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eduardo Santamaria Rios, Riverside, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Cindy S. Ferrier, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.***

MEMORANDUM ****

Eduardo Santamaria Rios ("Rios") and his wife Beatriz Santamaria Sanchez ("Mrs.Rios"), married natives and citizens of Mexico, petition for review from the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of their application for cancellation of removal. We have partial jurisdiction under 8 U.S.C. § 1252. We review constitutional claims de novo. *Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Petitioners' contention that the BIA erred in denying their application for cancellation of removal based on the discretionary finding that they failed to demonstrate exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003) (holding that the Court lacks jurisdiction "to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal").

Petitioners' contention that their due process rights were violated due to faulty translation fails because Petitioners do not provide any direct evidence of incorrectly translated words, unresponsive answers by the witness, or any expression of the witness regarding difficulty understanding what was said to him. *See Perez–Lastor v. INS*, 208 F.3d 773, 778 (9th Cir.2000). Further, Petitioners' due process violation claim fails because they have not shown that the alleged faulty translation prejudiced the outcome of the hearing. *See Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

*** The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.